# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 18-cr-219 (ESH) |
| ) | |
| AUSTIN PIERRE BOYKINS, ) | |
| also known as "Austin Pierre Boykin" ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Austin Pierre Boykins, also known as Austin Pierre Boykin, has been charged with one count of unlawful distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C) ("Count One"), one count of unlawful possession of a firearm and ammunition by a person convicted of a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. § 922(g)(1) ("Count Two"), one count of unlawful possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C) ("Count Three"), and one count of using, carrying, and possessing a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1) ("Count Four"). (*See* Indictment, ECF No. 1.) The government requested a pretrial detention hearing pursuant to 18 U.S.C. § 3142(f)(1). (Gov't Memo. for Pretrial Detention at 4, ECF No. 5.) On July 24, 2018, a detention hearing was held before Magistrate Judge Deborah Robinson. (July 24, 2018 Minute Entry.) At the conclusion of this hearing, she granted the government's motion to hold defendant pending trial. (*Id.*) Mr. Boykins thereafter filed a motion to revoke Magistrate Robinson's detention order under 18 U.S.C. § 3145(b), which the government opposed. (*See* Def.'s Mot., ECF No. 12; Gov't Opp., ECF No. 17). The Court held a hearing on defendant's motion on August 6, 2018, at the conclusion of which the

Court issued an oral ruling denying defendant's motion. This Memorandum Opinion sets forth in further detail the basis for the Court's ruling.

## DISCUSSION

Under the Bail Reform Act, 18 U.S.C. § 3141 et seq., a judicial officer "shall order" a defendant's detention before trial if, after a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). The judicial officer considering the propriety of pretrial detention must consider four factors:

> (1) the nature and circumstances of the offense charged, including whether the offense . . . involves . . . a controlled substance [or] firearm . . . ;
>
> (2) the weight of evidence against the person;
>
> (3) the history and characteristics of the person, including . . . the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; . . . and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . .

18 U.S.C. § 3142(g). "The facts . . . use[d] to support a finding . . . that no condition or combination of conditions will reasonably assure the safety of any other person and the community [must] be supported by clear and convincing evidence." 18 U.S.C. § 3142(f).

The Bail Reform Act creates a rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community" when there is probable cause to believe a defendant committed certain offenses, including "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.)" or "an offense under

section 924(c) . . . of this title." 18 U.S.C. § 3142(e)(3). The triggering of this presumption creates "a burden of production on the defendant to offer some credible evidence contrary to the statutory presumption," but it does not shift the burden of persuasion, which "remains with the government throughout the proceeding." *United States v. Taylor*, 289 F. Supp. 3d 55, 63 (D.D.C. 2018). Given the charges in the current indictment, this presumption has been triggered. *United States v. Williams*, 903 F.2d 844 (D.C. Cir. 1990) (explaining that a grand jury indictment "establish[es] probable cause for the purposes of triggering the rebuttable presumption of section 3142(e)").

In attempting to rebut this presumption, Mr. Boykins stresses facts that are pertinent to the third factor, the "history and characteristics of the [defendant]." 18 U.S.C. § 3142(g)(3). In particular, Mr. Boykins highlights his extensive ties to the community. He was employed at the time of his arrest, and he has a girlfriend and family members in the D.C. area, some of whom attended the detention hearing held on August 6, 2018.

However, in considering a defendant's "history and characteristics," the Court also considers a defendant's criminal history. *Id*. Mr. Boykins has two prior felony convictions involving a firearm. (Pretrial Services Report at 4, ECF No. 13.) Mr. Boykins has also struggled to comply with the terms of supervised release in the past. (*Id.* (indicating that defendant had probation revoked in 2005 and supervised release revoked in 2010).) At the time of his arrest on July 18, 2018, he tested positive for opiates and was found in a car with a bottle of 104 oxycodone pills. (Gov't Opp. at 4.) Given defendant's criminal record and his recent conduct, this factor tends to weigh heavily in favor of pretrial detention.

Mr. Boykins also tries to rebut the presumption by focusing on the factor that considers the weight of the evidence against the defendant. *See* 18 U.S.C. § 3142(g)(2). Defense counsel

argues that the weight of the evidence against Mr. Boykins is weak given that neither drugs nor a firearm were found on defendant's physical person at the time of arrest. The Court disagrees. It appears that the government has a strong case that Mr. Boykins was in constructive possession of the loaded firearm and crack cocaine located in the Porsche to which Mr. Boykins had the key—particularly given that these items were within a satchel that contained defendant's wallet and photo identification. (*See* Gov't Opp. at 3.) An officer also observed a hand-to-hand drug transaction involving Mr. Boykins, after which the officer located cash on Mr. Boykins' person and drugs on his alleged buyer, Mr. Francis. (*See id.* at 2–3.)

The last two factors also weigh in favor of pretrial detention. The offenses charged are serious, as they involve a loaded firearm and controlled substance. *See* 18 U.S.C. § 3142(g)(1). In addition, these serious allegations "provid[e] the Court with reason to believe that his release would pose a danger to the community." *United States v. Moorer*, 783 F. Supp. 2d 154, 160 (D.D.C. 2011); *see also* 18 U.S.C. § 3142(g)(4). When these factors are considered together, it is clear that Mr. Boykins cannot overcome the law's presumption against pretrial release.

For the foregoing reasons, defendant's motion for reversal of the Magistrate Judge's order of detention is hereby **DENIED**. In accordance with 18 U.S.C. § 3142(i), the Court hereby **ORDERS** that defendant remain in the custody of the Attorney General for confinement in a corrections facility pending trial.

**SO ORDERED.**

_____
ELLEN S. HUVELLE
United States District Judge

DATE: August 7, 2018