# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) ) | Crim. No. 18-cr-219 (ESH) |
| AUSTIN PIERRE BOYKINS, | ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Austin Pierre Boykins was convicted of one count of using, carrying, or possessing a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1). (*See* Judgment, ECF No. 37.) He was sentenced to a 60-month term of imprisonment, to be followed by a 60-month term of supervised release. (*Id*.)

Proceeding *pro se*, defendant has filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence in light of the Supreme Court's recent decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). (*See* Def.'s 2255 Mot., Nov. 5, 2019, ECF No. 39.) The government opposes defendant's motion on the ground that *Davis* does not apply to defendant's conviction. (Gov't Opp., ECF No. 41.) The government is correct, so defendant's motion will be denied.

Section 924(c)(1) makes it a crime to use, carry, or possess a firearm in connection with either a "drug trafficking crime" or a "crime of violence." 18 U.S.C. § 924(c)(1)(A). Section 924(c)(2) defines what constitutes a "drug trafficking crime," while 924(c)(3) defines what constitutes a "crime of violence." In *Davis*, the Supreme Court held that the "residual clause" in

the definition of a "crime of violence" was void for vagueness. 139 S. Ct. at 2325-27.[1] But here defendant was convicted of using, carrying, or possessing a firearm during a *drug trafficking offense*, not during a *crime of violence*. (*See* Judgment at 1.) Thus, *Davis* has no effect on the validity of his conviction.

As *Davis* does not affect the validity of defendant's § 924(c) conviction, it is hereby

**ORDERED** that defendant's § 2255 motion, ECF No. 39, is **DENIED**; it is further

**ORDERED** that a certificate of appealability will not be issued; and it is further

**ORDERED** that the Clerk shall close the corresponding Civil Action, 19-cv-3469.



ELLEN S. HUVELLE
United States District Judge

DATE: January 8, 2020

---

[1] In § 924(c), a "crime of violence" is defined as "an offense that is a felony" and

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) *that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense*.

18 U.S.C. § 924(c)(3) (emphasis added to "residual clause").

2